IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 09 2014
ARTHUR JOHNSTON
BY _____ DEPUTY

TIMOTHY McCOY,                                             PLAINTIFF

versus                         Civil Action No. 3:14CV006-CWR-FKB
                                              (669)

NEWTON COUNTY MISSISSIPPI, ET AL.,                      DEFENDANT(S)

## AMENDED COMPLAINT

Comes Now, the Plaintiff, Timothy McCoy, pro se, and would AMEND his COMPLAINT, pursuant to 42 U.S.C. §1983, as follows, to wit:

### I.
### CAPACITY

1. Each defendant is sued in their OFFICIAL and in their INDIVIDUAL CAPACITY.

### II.
### FACTUAL ALLEGATIONS

2. On or about September 2012, plaintiff was arrested and detained at the Newton County, Mississippi, Jail.

1.

Plaintiff was placed in a small isolation cell where he remained until May, 2013, without being provided adequate recreational/exercise opportunity. During October, 2012, plaintiff was advised by his counsel Mr. Carroll Wilson that the reason for his total isolation was due to him being HIV positive and a homosexual.

3. Subsequently, plaintiff spoke with defendant Jackie Knight who acknowledged the reason for his isolation was due to his HIV and sexual orientation and out of fear of responsibility in case of anything "sexual" taking place between the plaintiff and other inmates and it was for his own "protection." During his incarceration, plaintiff was also denied medical treatment of any kind for his HIV, and medication, for that serious medical need.

4. Finally after approximately four (4) months, plaintiff was taken to the Infectious Disease Clinic at Anderson Hospital in Meridian, Mississippi. He was evaluated and prescribed a new course of treatment due to the previous treatment now possibly having resistance and being ineffective for lack of regularity in taking the medications.

5. Being housed in total isolation with no way to summons assistance or communicate unless at shift-change or at count as the intercom device in the cell was inoperable;

6. Plaintiff was not allowed regular opportunity to shower

Case 3:14-cv-00669-FKB   Document 17   Filed 12/09/14   Page 3 of 5

or bathe and had to use the sink in the cell. He was permitted to shower only on an infrequent basis, once or twice every two to three weeks

7. Plaintiff was advised by defendants Jackie Knight, Thelma Evans, Bobby Hitt and Randy Patrick, that he was being held in isolation due to being HIV positive and a "faggot." That he could not be around "other" inmates.

8. These events, acts and omissions occurred and were on-going during his incarceration at the jail facility from September 11, 2012, through April/May, 2013.

## III.
## CAUSES OF ACTION

9. Plaintiff supports the following claims by reference to the previous paragraphs of this COMPLAINT:

## COUNT ONE

10. The deliberate indifference of defendants Jackie Knight, Thelma Evans, Bobby Hitt and Randy Patrick, to plaintiff's SERIOUS MEDICAL NEED (treatment and medications for HIV) from September 11, 2012, until adequate treatment was provided in January, 2013, deprived plaintiff of his rights under the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution and constitutes cruel and

3.

unusual punishment, which is prohibited by the Eighth (8th) Amendment to the United States Constitution.

## COUNT TWO

11. The deliberate indifference of defendants Jackie Knight, Thelma Evans, Bobby Hitt and Randy Patrick, to plaintiff's basic human need of adequate recreation and exercise (out of cell) from September 11, 2012, through April/May, 2013, constitutes cruel and unusual punishment, which is prohibited by the Eighth (8th) Amendment to the United States Constitution.

## COUNT THREE

12. The deliberate indifference of defendants Jackie Knight, Thelma Evans, Bobby Hitt and Randy Patrick, to plaintiff's basic human need for access to adequate sanitation and hygiene (toothpaste, toothbrush and shower) from September, 2012, through April/May, 2013, constitutes cruel and unusual punishment, which is prohibited by the Eighth (8th) Amendment to the United States Constitution.

## COUNT FOUR

13. Defendants deliberate indifference to plaintiff's SERIOUS MEDICAL NEED for HIV treatment constitutes a violation of the Americans With Disabilities Act of 1990 as plaintiff is handicapped within the meaning, as is defined by the Act, and constitutes a violation of the Equal Protection Clause of the Fourteenth (14th)

4.

Amendment to the United States Constitution.

Respectfully submitted,

This the 30 day of November, 2014:

*Timothy McCoy* (signature)
Timothy McCoy, plaintiff
CMCF 3-A2-D #335
P.O. Box 88550
Pearl, Ms 39288

## CERTIFICATE OF SERVICE

This will certify that I, the undersigned, have this day delivered to the ILAP/CMCF staff for mailing, via the U.S. Postal Service, first-class postage pre-paid, the original of the foregoing AMENDED COMPLAINT to the Court Clerk, along with a copy to the following person(s):

1. Newton County, Mississippi;
2. ℅ JACKIE KNIGHT,
3. Thelma Evans
4. Bobby Hitt
5. Randy Patrick, defendants by and through counsel, LaToya T. Jeter, Michael Wolf, Page Kruger & Holland, P.A. P.O. Box 1163 Jackson Ms 39215-1163, Jason A. Mangum P.O. Box 85 Decatur, Ms 39327-0085

This the 30 day of December 2013:

*Timothy McCoy* (signature)
Timothy McCoy #182773

5.