IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIMOTHY ALLEN McCOY                                        PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:14cv669-FKB

NEWTON COUNTY, MS, et al.                                    DEFENDANTS


MEMORANDUM OPINION AND ORDER

I. Introduction and Facts

Timothy Allen McCoy brought this action pursuant to 42 U.S.C. § 1983 alleging that

he was subjected to unconstitutional conditions while a pretrial detainee at the Newton

County Jail.  Presently before the Court is the motion of Defendants for summary

judgment [22].  Having considered the motion and supporting memoranda, Plaintiff's

sworn complaint, his testimony at the omnibus hearing, and his responses to the motion,

the Court concludes that the motion should be granted in part and denied in part.

II. Plaintiff's Allegations

McCoy's claims, as clarified at the omnibus hearing and in his response to the

motion, are as follows.  Plaintiff was a pretrial detainee at the Newton County Jail from

September of 2012 through May of 2013.  Plaintiff is HIV positive, and at the time he was

booked into the cell, he had been taking antiviral medications daily for this condition.

When he arrived, jail officials refused to allow him to bring his medications with him and

denied him HIV medication for several months.  Furthermore, during the first six months of

his time at the jail, he was kept in segregation and not allowed any out-of-cell recreation.

He was allowed to shower only once or twice every two weeks and was never provided

soap, deodorant, a toothbrush, or toothpaste.  Plaintiff further alleges that there was no

intercom in his cell, that he was only checked on when the shift changed every eight hours, and that he was not allowed to use a phone other than to call his attorney.

### III.  Rights of Pretrial Detainees

Pretrial detainees have a due process right not to be subjected to jail conditions that are imposed for the purpose of punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  In order to succeed on a claim under § 1983 alleging unconstitutional jail conditions, a pretrial detainee must establish that the complained-of conditions have been imposed for a punitive purpose and that they have resulted in "serious deficiencies" in providing for his "basic human needs." *Shepherd v. Dallas Cnty*, 591 F.3d 445, 454 (5th Cir. 2009).  A punitive purpose may be inferred where the conditions are not reasonably related to a legitimate governmental interest. *Hamilton*, 74 F.3d at 105.   Likewise, a pretrial detainee has a due process right to receive reasonable medical care.  *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the Eight Amendment right enjoyed by prisoners.  *Id.*   Thus, a pretrial detainee seeking to recover for a denial of reasonable medical care must establish deliberate indifference to serious medical needs.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991);  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).   A defendant acts with deliberate indifference to a plaintiff's serious medical needs where he "refuse[s] to treat him, ignore[s] his complaints, intentionally treat[s] him incorrectly, or engage[s] in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). 25, 22 (1993).  A pretrial detainee need not establish current symptoms or an actual

physical injury in order to prove a constitutional violation; it is sufficient if he shows that the conditions of which he complains posed "an unreasonable risk of damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (enunciating principle in Eighth Amendment context); *Johnson v. Epps*, 479 Fed. Appx. 583, 590 (5th Cir. 2012) (same).

## IV.    Analysis of Claims

*A.  Claims involving segregation, recreation, intercom, cell checks, and phone access.*

McCoy's arrest was for sexual battery.  Given this history, his placement in segregation was reasonably related to the county's legitimate interest in protecting other inmates and preventing the spread of HIV.  Accordingly, Defendants are entitled to summary judgment on this claim.

Plaintiff has failed to allege facts sufficient to indicate that his denial of out-of-cell recreation was unconstitutional.  He has not, for example, explained why he was unable to exercise in his cell or how he was harmed by the lack of out-of-cell exercise during his limited period of segregation.[1]  *See Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1996) (exercise claims to be analyzed by consideration of various factors, including overall duration of confinement).  Neither do Plaintiff's general allegations regarding the absence of an intercom system, the frequency of cell checks, and the restrictions on phone use raise constitutional issues.   Defendants' motion is granted as to these claims.

*B.  Medical claims under § 1983.*

Plaintiff claims that he was denied HIV antiviral therapy by prison officials.  At the

---

[1]His response to Defendants' motion indicates that beginning in March of 2012, Plaintiff was allowed liberal access to the jail's day room area.

omnibus hearing, he testified that he received no such treatment from September 2012 until January 2013.  In support of their motion, Defendants have submitted the drug administration records for Plaintiff from September through December 2012.  These records are not accompanied by an affidavit authenticating them or establishing their admissibility as records kept in the ordinary course of business; thus, they do not constitute competent summary judgment evidence.  Nevertheless, in response to the motion, Plaintiff has admitted that he did receive some medication beginning in mid October.  However, he argues that the records indicate that even though he received some of his drugs after that date, they were not given regularly or as prescribed.  As to Plaintiff's claims regarding personal hygiene, Defendants have offered no evidence regarding McCoy's opportunities for showering or his receipt of soap, a toothbrush, or toothpaste; neither have they identified any legitimate, non-punitive purpose for failing to meet McCoy's requirements for adequate personal hygiene.

The Court concludes that Plaintiff's sworn statements concerning the failure of prison officials to administer his antiviral therapy create a factual issue as to whether officials were deliberately indifferent to his serious health needs.  Likewise, Plaintiff's testimony regarding the denial of opportunities and supplies for basic personal hygiene over a period of several months is sufficient to create a factual issue as to whether those conditions constituted punishment and whether they resulted in serious deficiencies in the provision of Plaintiff's basic human needs.[2]

---

[2]Defendants, relying upon 42 U.S.C. § 1997e(e), argue that they are entitled to summary judgment because McCoy has not alleged a physical injury.  This statute does not foreclose *claims* where there is no physical injury; it forecloses only *damages* for

*C. Claims under Americans with Disabilities Act.*

McCoy contends that his claims of lack of treatment for HIV and placement in segregation are cognizable under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, *et seq.* Title II of the ADA provides that an individual shall not be "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity" because of a qualifying disability. 42 U.S.C. § 12132. To state a claim for relief under the ADA, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services . . . for which the public entity is responsible . . .; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

McCoy has failed to state a claim under the ADA. His claims against the individual defendants for damages fail as a matter of law, *see, e.g.*, *Pitre v. David Wade Corr. Ctr*, 2008 WL 466160, at *4 (W.D. La. Feb. 14, 2008), and his request for injunctive relief is moot, as he is no longer at the jail. Most significantly, however, is the fact that Plaintiff has not alleged that his HIV status was the *reason* for the conditions under which he was housed or Defendants' failure to provide him with his medication. Defendants' motion is granted as to Plaintiff's ADA claims.

*D. Potential liability of various defendants.*

The question remains as to which defendants, if any, were responsible for any

---

mental or emotional injury if there is no physical injury. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Thus, while it is doubtful that McCoy could recover anything other than nominal damages, that does not mean that Defendants are entitled to judgment as a matter of law.

denial of Plaintiff's constitutional rights.  In his sur-rebuttal, Plaintiff concedes that

Defendant Bobby Hitt did not violate his rights and that he is entitled to summary

judgment.  Thus, all claims against Hitt will be dismissed.

Plaintiff testified that he informed Sheriff Jackie Knight and Defendant Thelma

Evans, the jail administrator, about his need for HIV medication and hygiene products.  He

further testified that the only action taken by either of these defendants in response to his

requests was Evans's allowing him an occasional shower.  This testimony is sufficient for

McCoy's claims against Knight and Evans to withstand summary judgment.  *See Bruce v.

Little*, 568 Fed. Appx. 283, 285 (5th Cir. 2014) (holding that prisoner stated claim against

officials where he alleged they knew of unsafe condition in shower and took no steps to

alleviate it).  On the other hand, Plaintiff's testimony regarding Defendant Randy Patrick

was that Plaintiff never had any communication with him.   Patrick is entitled to summary

judgment.

Defendants argue that Newton County cannot be held liable because there is no

evidence that the actions of which McCoy complains were due to any policy of the county.

*See Monell v. Department of Soc. Servs. v. City of New York*, 436 U.S. 658, 691 (1978).

But Sheriff Knight is the final policymaker regarding administration of the county jail.  *See

Brooks v. George Cnty., Miss.*, 84 F.3d 157, 169 (5th Cir. 1996) ("Sheriffs in Mississippi

are final policymakers with respect to all law enforcement decisions made within their

counties.").   Thus, if he is found to have violated Plaintiff's rights, the county will be liable

as well.

*E.  Qualified immunity.*

A brief word regarding qualified immunity is in order.  A qualified immunity determination at the summary judgment stage involves a two-pronged inquiry:  (1) whether the facts, taken in the light most favorable to the plaintiff, establish that the defendant violated a constitutional right, and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation.  *Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014).  The individual defendants, including Knight and Evans, state in their brief that as governmental officials, they are entitled to the benefits of qualified immunity.  However, in their memorandum they address only the first prong of the qualified immunity analysis, *i.e.*, whether McCoy has alleged or established the violation of a constitutional right.   The Court has determined that there exists a factual issue as to whether Knight and Evans violated Plaintiff's rights, and thus these defendants have failed to establish qualified immunity based upon the first prong.  They make no argument that they are entitled to qualified immunity because the right was not clearly established. Therefore, Knight and Evans are not entitled to judgment at this stage based upon the defense of qualified immunity.

V.  <u>Conclusion</u>

This matter will go forward solely on Plaintiff's claims against Newton County, Sheriff Knight, and Thelma Evans for denial of medical treatment and denial of adequate opportunities and supplies for personal hygiene.  All other claims are hereby dismissed.

So ordered, this the 10th day of July, 2015.

<u>/s/ F. Keith Ball</u>
UNITED STATES MAGISTRATE JUDGE

7